By the Court.:

Fithian, J.
I do not see any thing in the facts in this case contravening any of the express provisions or the policy of the Bankrupt Act. ' Section 25 of the act declares void all securities or contracts made or given in order to induce any creditor to “forbear opposing the application for discharge of the bankrupt.” But in this “ involuntary ” proceeding, taken.by a creditor against the bankrupt, there is not, nor can there be, any “ application for discharge of the bankrupt,” The statute provides no *37 method or means whereby a bankrupt can apply for a discharge in a proceeding hostile to him, instituted by a creditor. In this respect, as well as others, the United States law differs from the English bankrupt statutes.
Ueither am I able to see wherein the agreement, alleged and proved as one consideration of the notes in suit, is in conflict with any policy of the law. The policy and general intent of the bankrupt act is, that the bankrupt’s estate, and the whole therreofi without concealment or diminution, shall be honestly, and as speedily as possible, equally divided among all of his bona fide creditors. And there are various provisions of the statute forbidding and declaring void certain specified acts and things having a tendency to defeat such general intent and policy. But I do not think the agreement here tends, in any manner, to do that. If the defendant Farrar had paid these two creditors the amount of the notes in suit, in money of his own, or given a collateral security out of his estate, or had indemnified, out of his estate, Bloodgood, the endorser, it might have presented an entirely different question (although, as to that, I give no opinion). But there is nothing of the kind appearing here.
It is well settled that payment in full to a creditor of a bankrupt by a third person, as a friendly act, is not illegal preference, as between the creditor so paid and the other creditors, because it no way affects the other creditors. The fund to which they looked for payment was in no way diminished by it (Winson v. Kendall, 3 Story, 507; Fox v. Paine, 10 Alabama R., 523). And so, where all the creditors of the bankrupt, but one, had agreed to take a certain sum each in discharge, and the bankrupt afterward paid the one a greater sum, it was held not illegal (25 L. and E. Rep., 476).
So, here, the defendant Farrar merely gives an additional promise to pay part of his indebtedness. A judgment obtained against him in favor of plaintiff in no way affects his other creditors. It operates only as a transfer of part of his indebtedness from the original creditor to the plaintiff in this action. And in respect to the defendant Bloodgood, his endorsement was *38 voluntary, and for the accommodation of the debtor, and without any consideration flowing from the debtor to him. It will be time enough for him to look to the interests of the other creditors, and they to raise the objection, when Bloodgood shall (if he ever does) attempt to claim against the bankrupt for endorsing.
The authorities cited by defendant’s counsel from the English cases are not, in my opinion, applicable. They arose out of particular provisions of the English Bankrupt Act, and establish no general principle applicable to this case.
.1udgment affirmed, with costs.